1    RUSS, AUGUST & KABAT
     Marc A. Fenster, State Bar No. 181067
2    mfenster@raklaw.com
     James S. Tsuei, State Bar No. 285530
3    jtsuei@raklaw.com
     12424 Wilshire Boulevard, 12th Floor
4    Los Angeles, California 90025
     Telephone:    (310) 826-7474
5    Facsimile:    (310) 826-6991

6    (addition attorneys listed on signature page)

7    *Attorneys for Krista Jacobsen*

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11 | Case No. 3:25-mc-80104

12 | (Originating Case: *Headwater Research LLC v. Samsung Elec. Co., Ltd., et al.*, E.D. Tex.

13 | In re SUBPOENA to KRISTA JACOBSEN | Case No. 2:23-cv-00641-JRG-RSP)

14

**(1) NOTICE OF MOTIONS**

15

**(2) KRISTA JACOBSEN'S MOTION TO
16    QUASH SAMSUNG'S SUBPOENA,
      OR, ALTERNATIVELY, TO
17    TRANSFER THIS PROCEEDING TO
      THE EASTERN DISTRICT OF
18    TEXAS PURSUANT TO FED. R. CIV.
      P. 45(f)**

19

Date:
20 | Time:
   | Courtroom:
21 | Before:

22

23

24

25

26

27

28

### NOTICE OF MOTIONS

PLEASE TAKE NOTICE THAT on June 11, 2025 at 9:00 a.m., or as soon thereafter as counsel may be heard, petitioner Krista Jacobson, will and hereby does move this Court for (1) the entry of an Order quashing the subpoena dated April 7, 2025, which was served by Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Respondents" or "Samsung") and which was issued by the United States District Court for the Eastern District of Texas, in the matter of *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, 2:23-cv-641-JRG-RSP (E.D. Tex.), or, alternatively, (2) transfer of this proceeding to the United States District Court for the Eastern District of Texas pursuant to Fed. R. Civ. P. 45(f).

This Motion is made on the grounds that the subpoena (a) requires from Ms. Jacobson the disclosure of privileged or other protected matter, and no exception or waiver applies, and (b) subjects Ms. Jacobsen to undue burden. This Motion is based on this notice, the attached Memorandum of Points and Authorities, the declaration of James S. Tsuei, the pleadings and papers on file in this miscellaneous action or deemed to be on file at the time this Motion is heard, other such evidence and argument as may be presented in connection with the hearing of this Motion and all matters of which this Court may take judicial notice.

On May 7, 2025, the parties met and conferred telephonically regarding the substance of this Motion. Counsel for Ms. Jacobsen explained the basis for the motion and Respondents indicated they would oppose.

Dated:  May 7, 2025                                  Respectfully submitted,

                                                                    */s/ James S. Tsuei*

                                                                    James S. Tsuei
                                                                    jtsuei@raklaw.com
                                                                    **RUSS AUGUST & KABAT**
                                                                    12424 Wilshire Boulevard, 12th Floor
                                                                    Los Angeles, California 90025
                                                                    Telephone: (310) 826-7474
                                                                    Facsimile: (310) 826-9226

                                                                    *Attorney for Krista Jacobsen*

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..................................................................................................... 1

II.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ...................................... 2

    A.      Samsung's Previous Motion to Compel Ms. Jacobsen ...................................... 2

    B.      Samsung's Current Subpoena to Ms. Jacobsen ................................................ 3

    C.      Samsung's Efforts to Harass Headwater's Employees and Former Employees ................. 5

III.    ARGUMENT ......................................................................................................... 6

    A.      The Subpoena Improperly Demands that Ms. Jacobsen Divulge Privileged Information Relating to Her Work as Headwater's Counsel. .......................................................... 7

        1.      Reason 1: Inequitable Conduct ................................................................. 8

        2.      Reason 2: Improper Inventorship ............................................................ 10

    B.      This Proceeding Should Be Transferred to the Eastern District of Texas ...................... 11

    C.      Fees Should be Awarded to Ms. Jacobsen ..................................................... 12

IV.     CONCLUSION ..................................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc.*,
    144 F.R.D. 372 (N.D. Cal. 1992) ............................................................. 7

*Bales v. Quest USA Corp.*,
    2019 WL 1454696 (D. Colo. Apr. 2, 2019) ................................................ 8, 10, 11

*Chevron Corp. v. Donziger*,
    No. 3:12-mc-80237-CRB, 2013 WL 4536808 (N.D. Cal. Aug. 22, 2013) ............................ 6

*Conner Peripherals, Inc. v. W. Digital Corp.*,
    No. C93-20117 RMW/EAI, 1993 WL 726815 (N.D. Cal. June 8, 1993) ................................ 7

*Games2U, Inc. v. Game Truck Licensing, LLC*,
    2013 WL 4046655 (D. Ariz. 2013) ............................................................ 8, 9, 10

*In re Insogna*,
    No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487 (S.D. Cal. Jan. 3, 2020) ........................... 6, 8

*In re: Krista Jacobsen*,
    No. 5:24-mc-80012-VKD (N.D. Cal.) .......................................................... 2

*Lemberg Law LLC v. Hussin*,
    No. 3:16-mc-80066-JCS, 2016 WL 3231300 (N.D. Cal. June 13, 2016) .............................. 6

*Optimize Tech. Solutions, LLC v. Staples, Inc.*,
    No. 5:14-mc-80095-LHK, 2014 WL 1477651 (N.D. Cal. Apr. 14, 2014) .......................... 6, 10

*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
    276 F.R.D. 376 (D.D.C. 2011) ............................................................... 7, 10

*Teknowledge Corp. v. Akamai Tech.*,
    No. C 02-5741, 2004 WL 2480705 (N.D. Cal. Aug.10, 2004) ................................... 7

*United States v. C.B.S., Inc.*,
    666 F.2d 364 (9th Cir. 1982) ................................................................. 6

**Rules**

Civil L.R. 37-4 ............................................................................... 12

Fed. R. Civ. P. 26(d) ........................................................................ 7

Fed. R. Civ. P. 45(d) ........................................................................ 2, 11, 12

Fed. R. Civ. P. 45(f) ........................................................................ 11, 12

### TABLE OF EXHIBITS AND ABBREVIATIONS

| Ex.[1] | Description | Abbreviation |
|---|---|---|
| 1 | March 14, 2024 Hearing Transcript, in *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:22-cv-422-JRG-RSP (E.D. Tex.) | |
| 2 | April 24, 2024 Hearing Transcript, in *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:22-cv-422-JRG-RSP (E.D. Tex.) | |
| 3 | Transcript of May 21, 2024 Krista Jacobsen, Esq., Ph.D. | |
| 4 | Notice of Subpoena and Subpoena to Krista Jacobsen, dated April 7, 2025 | |
| 5 | Email correspondence between counsel for Ms. Jacobsen and Samsung | |
| 6 | April 3, 2025 Hearing Transcript, in *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:23-cv-641-JRG-RSP (E.D. Tex.) | |
| | *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:22-cv-422-JRG-RSP (E.D. Tex.) | "-422 case" |
| | *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:23-cv-641-JRG-RSP (E.D. Tex.) | "-641 case" |
| | U.S. Patent No. 8,639,811 | "'811 patent" |
| | U.S. Patent No. 8,588,110 | "'110 patent" |

---

[1] Exhibits cited herein are filed concurrently as attachments to the Declaration of James S. Tsuei.

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On April 7, 2025, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") served a subpoena on Krista Jacobsen, an attorney and former in-house and outside patent prosecution counsel for Headwater Research LLC ("Headwater"). Since October 2022, Headwater and Samsung have been engaged in fierce patent litigation in the United States District Court for the Eastern District of Texas, such as in Case Nos. 2:22-cv-422 ("the -422 case"), 2:23-cv-103, and 2:23-cv-641 ("the -641 case"). The April 7, 2025, subpoena arises out of the -641 case, and Ms. Jacobsen respectfully moves to quash it for the reasons below.

This is not the first time Samsung has subpoenaed Ms. Jacobsen. She previously produced non-privileged documents and sat for deposition in response to a subpoena from Samsung in connection with the -422 case. That subpoena also demanded from Ms. Jacobsen the production of clearly privileged materials, including attorney notes, claim charts, invalidity/infringement analyses, and patent prosecution strategy relating to her work for Headwater. When Ms. Jacobsen declined to produce those materials consistent with basic professional obligation owed by an attorney to a former client, Samsung filed a motion to compel in this District. *See* 5:24-cv-80012-VKD (N.D. Cal.). That motion was transferred to the Eastern District of Texas, where argument was heard twice—on March 14, 2024 and again on April 24, 2024. It was denied in substance in its entirety on April 25, 2024.

Having failed once, Samsung tries again. The April 7, 2025, subpoena (which Ms. Jacobsen moves to quash) seeks privileged deposition testimony about topics like "Plaintiff's plans and preparations to bring a patent infringement suit against third-parties," "investigation, evaluation, or opinion relating to the patentability, validity, or enforceability of any claim of the Asserted Patents." Samsung's subpoena requires Ms. Jacobsen to testify about, essentially, every substantive patent-related issue in which Samsung could be interested: e.g., IP licensing and valuation, technological benefits of Headwater's inventions, conception and reduction to practice of Headwater patents, patent marking, and Ms. Jacobsen's "role as Head Counsel" for Headwater.

On its face, Samsung's subpoena "requires disclosure of privileged or other protected

matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). To be sure, Ms. Jacobsen may have knowledge of Headwater's patents, their value, their conception and reduction to practice, their licensing, and their marking—she was, after all, Headwater's lawyer. But, in the -422 case, Ms. Jacobsen already produced all non-privileged information in her possession relating to Headwater's patents, and she also gave complete deposition testimony to Samsung—all of which is discovery Samsung may use for its purposes in the -641 case. Here, Samsung refused to narrow the scope of its subpoena or explain what non-privileged information it expects to elicit. The subpoena therefore should be quashed.

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

This Motion comes in the context of the -641 case, which is the third of three separate patent infringement actions pending between Headwater and Samsung. Headwater and Samsung agreed to streamline discovery in the three cases by ensuring that, generally, discovery produced in one case can be used in the others. This agreement extends to the documents and deposition testimony that Ms. Jacobsen provided to Samsung in the -422 case—meaning that the documents and testimony Ms. Jacobsen produced in the -422 case may be used by Samsung in the -641 case.

### A.    Samsung's Previous Motion to Compel Ms. Jacobsen

As noted above, Samsung previously moved to compel Ms. Jacobsen to produce broad categories of plainly privileged materials in the -422 case, amounting to several hundred documents. *See In re: Krista Jacobsen*, No. 5:24-mc-80012-VKD (N.D. Cal.) (filed Jan. 19, 2024) ("-012 action"). In that proceeding, Ms. Jacobsen filed a response brief and moved to transfer the action to the Eastern District of Texas, which Magistrate Judge DeMarchi then ordered on February 20, 2024. *See* Dkt. 11, -012 action. The action was argued to Magistrate Judge Payne in hearings on March 14, 2024 and April 24, 2024, during which Judge Payne examined *in camera* the privileged documents that Samsung sought to be produced. Samsung's motion to compel Ms. Jacobsen was denied on April 25, 2024. *See* Dkt. 198, -422 case, Exs.[2] 1 & 2.

In addition, Ms. Jacobsen produced in the -422 case approximately 386 non-privileged

---

[2] Exhibits cited herein refer to those attached to the concurrently filed Declaration of James S. Tsuei ("Tsuei Decl.").

documents (including emails, letter correspondence, patent prosecution-related charts containing no privileged information, prior art, and prior art lists), and sat for Samsung's deposition on May 21, 2024. *See* Tsuei Decl. ¶ 9. A transcript of Ms. Jacobsen's May 21, 2024 deposition is attached as **Exhibit 3**.

### B.  Samsung's Current Subpoena to Ms. Jacobsen

Samsung served a subpoena on Ms. Jacobsen on April 7, 2025 via email to counsel. A copy of the subpoena is attached as **Exhibit 4**. The subpoena contains requests which are facially overbroad, clear intrusions on attorney-client privilege, or both. For example, the subpoena asks Ms. Jacobsen, who was Headwater's patent prosecution counsel, to testify about:

**DEPOSITION TOPIC & REQUEST FOR PRODUCTION NO. 8:**
All documents, communications, and things referring or relating to Plaintiff's plans and preparations to bring a patent infringement suit against third-parties, including but not limited to Samsung, Sprint/T-Mobile, Google, and others.

**DEPOSITION TOPIC & REQUEST FOR PRODUCTION NO. 13:**
All documents, communications, and things concerning any search, investigation, evaluation, or opinion relating to the patentability, validity, or enforceability of any claim of the Asserted Patents or any Related Patent.

**DEPOSITION TOPIC & REQUEST FOR PRODUCTION NO. 14:**
All documents, communications, and things concerning any claim of the Asserted Patents, including without limitation all documents and things concerning: (i) all prosecution leading to the issuance of each Asserted Patent; (ii) conception; (iii) initial disclosure of any invention; (iv) diligence and reduction to practice; (v) scope of any claim; (vi) meaning of any term, phrase, limitation, or element in any claim; (vii) level of ordinary skill in the art; (viii) relevant art; (ix) relevant technical field; (x) first use, sale, or offer for sale; (xi) communications or correspondence with the PTO during prosecution; (xii) patents, publications, or other Prior Art that was cited or not cited, referred to, relied upon and/or identified or considered in any way during the prosecution of the Asserted Patents; (xiii) motivation, or lack thereof, to combine any Prior Art teachings; (xiv) the identification of all purported inventors (e.g., Gregory Raleigh, James Lavine, Alireza Raissinia, Jeffrey Green, and Vien-Phuong Nguyen); (xv) the role of all purported inventors; and (xvi) role or contributions of any non-named inventors including but not limited to other ItsOn or Headwater employees.

**DEPOSITION TOPIC & REQUEST FOR PRODUCTION NO. 20:**
All documents, communications, and things concerning any licenses or attempts to license the Asserted Patents or Related Patents to any person or entity, whether successful or not, or efforts to in any way generate revenue or obtain value using the Asserted Patents or any Related Patents as well as concerning monies invoiced, billed, requested, and/or paid from license activities among Headwater, ItsOn, and Sprint/T-Mobile.

**DEPOSITION TOPIC & REQUEST FOR PRODUCTION NO. 22:**

All documents, communications, and things referring or related to investors in Plaintiff, Headwater Partners I, Headwater Management, other Headwater entities, or ItsOn, and/or in this lawsuit against Samsung.

Ex. 4, at 8-12.

Upon receiving the April 7, 2025 subpoena, Ms. Jacobsen promptly sought Samsung's assent to narrow the scope of the subpoena. A true and correct copy of meet-and-confer correspondence between counsel for Ms. Jacobsen and Samsung is attached as **Exhibit 5**.

As the meet-and-confer correspondence illustrates, the parties agreed to delay the date for compliance under the subpoena to a later date. *See* Ex. 5, at 4 (4/10/25 email from Tsuei to Bolt). It also shows that Ms. Jacobsen requested from Samsung an explanation for what relevant, non-privileged information it expected to obtain from Ms. Jacobsen, particularly where Ms. Jacobsen had already produced documents and sat for a deposition by Samsung in the -422 case. *See, e.g.*:

> 4/10/25 email from Tsuei to Bolt: "Additionally, please provide further explanation as to what Samsung believes is "information specific to the -641 case," including also an explanation (if any) why the -641-specific matter could not or was not addressed in Samsung's earlier subpoena and deposition of Ms. Jacobsen.")

> 4/28/25 email from Tsuei to Bolt: "To facilitate the parties' discussion in hopes of reaching a compromise, please consider the following: we have not seen Samsung articulate a sufficient basis to justify subjecting Ms. Jacobsen to yet more deposition time; nor has Samsung identified what nonprivileged information Samsung seeks to develop through another deposition of Ms. Jacobsen. Your identification of that non-privileged information Samsung seeks to obtain is a prerequisite to determining whether the subpoena unduly burdens Ms. Jacobsen."

Ex. 5, at 2-4. Each time, Samsung's counsel either refused or was unable to provide a clear and specific articulation of what it needed or wanted from Ms. Jacobsen's testimony.

In general, Samsung stated (and continues to state) that Ms. Jacobsen should be forced to sit for another deposition because: "Ms. Jacobsen participated in the prosecution of at least two patents in this case about which she has not previously been deposed." Ex. 5, at 3 (4/18/25 email from Bolt to Tsuei). On May 5, 2025, Samsung repeated this position:

> As I wrote on April 18, Ms. Jacobsen participated in the prosecution of at least two patents in this case about which she has not previously been deposed ('811 and '110). Her factual, non-privileged testimony regarding the prosecution of these patents is directly relevant to Samsung's pending defenses of inequitable conduct and improper inventorship.

Ex. 5, at 1 (5/5/25 email from Bolt to Tsuei).

JACOBSEN'S MOTION TO QUASH
CASE NO. 3:25-MC-80104

As the correspondence shows, Samsung asserts that Ms. Jacobsen may provide information "relevant" to "pending" inequitable conduct and inventorship defenses[3] to patent infringement because she "participated in the prosecution" of two patents Headwater has asserted in the –641 case. As it also shows, Samsung has not articulated (perhaps because it is unable to) with any specificity what ***non-privileged*** information Ms. Jacobsen could provide to support such defenses.

Counsel for Ms. Jacobsen and Samsung met and conferred on May 7, 2025, shortly before the filing of this Motion. In that conference, Samsung confirmed it would not agree to narrow the scope of the subpoena in any respect. Tsuei Decl. ¶ 10.

**C.    Samsung's Efforts to Harass Headwater's Employees and Former Employees**

Finally, in the -641 case and other cases with Headwater, Samsung has aggressively used the subpoena power to demand discovery from non-parties. In the -422 case alone, Samsung served more than 25 document and deposition subpoenas, including on:

- Ms. Jacobsen (Headwater's former patent counsel);
- Michael Schallop (also Headwater's former patent counsel);
- the Farjami & Farjami law firm (Headwater's current patent counsel);
- James Harris (Headwater's former in-house counsel); and
- 11 other ***former*** individual employees, consultants, or board members of Headwater.

Tsuei Decl. ¶ 11. Samsung has repeated this pattern in the -641 case, by serving subpoenas on former investors, former board members, former lawyers who represented Headwater, and even more former employees. *Id.* ¶ 12.

Samsung's "boil-the-ocean" discovery campaign has been such that the court in the -641 case recently recognized the possibility it may be motivated by improper purpose. To illustrate: Judge Payne in the -641 case recently heard arguments on two of Samsung's discovery motions against Headwater. *See* Ex. 6 (4/3/25 Hearing Transcript). Samsung filed two motions: to compel Headwater to provide certain discovery responses, and to produce certain information about Headwater's Managing Member, Jonathan Kagan. Both were denied from the bench. Ex. 6, at 60:6-

---

[3] Samsung has not actually pled an improper inventorship defense in the -641 case, though Samsung's request to add such a defense to the case is before the court in the -641 case. *See, e.g.*, Dkts. 76 & 89, -641 case.

11, 78:12-13. In doing so, Judge Payne observed that Samsung appeared simply to be harassing Headwater:

> THE COURT: ***I mean, this looks like an effort to harass the plaintiff over the ownership structure of their entity, and I don't see what that has to do with any of the issues in this case.*** If what you're asking for is the assignment record of the patent in order to demonstrate that the current entity is the proper assignee, that's one thing. But all of this indication that you want to know whether Jon Kagan is the real party in interest?

Ex. 6, at 72:2-9. In fact, the court asked Samsung's counsel to explain the Rule 11 basis for filing their motion, to which Samsung apparently responded in an unsatisfactory manner. Ex. 6, at 74:18-19 ("THE COURT: And maybe I'm missing it. What is the good faith basis to pursue that?"), 78:12-17 (denying Samsung's motion to compel, and stating: "I'm going to look at the record a little more to see whether fees should be shifted in connection with this motion").

## III.   ARGUMENT

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, No. 3:16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted); *see United States v. C.B.S., Inc*., 666 F.2d 364, 371 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."). In this District, the moving non-party "has the burden of persuasion . . . , but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*, No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc*., No. 5:14-mc-80095-LHK, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.") (quotation omitted).

This is particularly true where a subpoena demands an attorney testify about their work for a client. Such subpoenas intrinsically intrude upon privilege, and as such courts must "consider 'all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship.'" *In re Insogna*, No. 3:19-CV-1589-LAB-AHG, 2020 WL

85487, at *10 (S.D. Cal. Jan. 3, 2020) (quoting *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co*., 276 F.R.D. 376, 384-85 (D.D.C. 2011)). Indeed:

> Deposing a party's former counsel on the same matter at issue in the pending litigation should not be done lightly. Simply claiming that an opposing party's former counsel has 'non-privileged, factual information' without specifying precisely what information is sought or the benefit of that information is insufficient to overcome the potential risks that the Federal Rules were intended to protect against.

*Id.* (quoting *Stern Kessler*, 276 F.R.D. at 384).

Finally, the court is required to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 26(d)(A). Samsung does not deny that the subpoena on its face calls for privileged information. The subpoena may be quashed for that reason alone.

**A.    The Subpoena Improperly Demands that Ms. Jacobsen Divulge Privileged Information Relating to Her Work as Headwater's Counsel.**

As an initial matter, Samsung's refusal to narrow the plain overbreadth of the subpoena to Ms. Jacobsen is sufficient reason to quash it. Virtually all listed topics squarely implicate Ms. Jacobsen's attorney-client communications with Headwater and/or Ms. Jacobsen's mental impressions and other opinion work product information generated when she was Headwater's lawyer. *See, e.g.*, Ex. 4, at 8-12 & Topic Nos. 8, 13, 14, 20, 22.

Subpoenas *duces tecum* calling for the production of privileged patent prosecution documents are disfavored and ordinarily unenforceable. *See Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc*., 144 F.R.D. 372, 374-78 (N.D. Cal. 1992); *Conner Peripherals, Inc. v. W. Digital Corp.*, No. C93-20117 RMW/EAI, 1993 WL 726815, at *3 (N.D. Cal. June 8, 1993) (denying motion to compel drafts of patent applications, attorney notes, and other attorney-generated work product); *Teknowledge Corp. v. Akamai Tech.,* No. C 02-5741, 2004 WL 2480705, at *2 (N.D. Cal. Aug.10, 2004) ("technical information communicated to a patent attorney does not warrant different treatment than any other information communicated to an attorney in the process of obtaining legal services."). To be clear, Ms. Jacobsen already produced all non-privileged documents related to her patent prosecution work for Headwater (without temporal limitation) earlier in 2023 and 2024, and she provided multiple privilege logs to Samsung describing

1    approximately 3,500 withheld documents containing or reflecting privileged material. The

2    sufficiency of that log and Ms. Jacobsen's privilege objections were scrutinized and approved by

3    the district court in the -422 case.

4    　　　　Likewise, subpoenas for testimony from patent prosecution counsel about their patent

5    prosecution activity for a client are disfavored; and a request for enforcement must be supported by

6    a particularized showing of need and importance. *See Bales v. Quest USA Corp*., 2019 WL

7    1454696, at *5-10 (D. Colo. Apr. 2, 2019) (quashing deposition subpoena to prosecution counsel

8    despite accused infringer's defense of improper inventorship); *In re Insogna*, 2020 WL 85487, at

9    *9 (quashing deposition subpoenas on litigation counsel and on patent prosecution counsel seeking

10   testimony to support doctrine of equivalents defense); *Games2U, Inc. v. Game Truck Licensing*,

11   *LLC*, 2013 WL 4046655, *8-*9 (D. Ariz. 2013) (quashing deposition subpoena on prosecution

12   counsel seeking evidence to support inequitable conduct defense).

13   　　　　In this case, Ms. Jacobsen requested from Samsung a particularized description of the non-

14   privileged information that it hoped to obtain through deposition. Samsung provided none, and to

15   date only asserts that her testimony generally could be "relevant" to Samsung's (1) inequitable

16   conduct and (2) improper inventorship defenses. *See* Ex. 5, at 1. These arguments lack merit and

17   fail to establish Samsung's entitlement to burden Ms. Jacobsen again, as explained below.

18   　　　　　　　　1.    *Reason 1: Inequitable Conduct*

19   　　　　First, Samsung's inequitable conduct defense in the -641 case is not specific to any

20   Headwater patent asserted there. *See* Dkt. 25, at 16-17, -641 case (Samsung's pleading of its Eighth

21   Affirmative Defense of "Inequitable Conduct / Infectious Unenforceability"). Rather, Samsung's

22   inequitable conduct theory is based on—and limited to—Headwater's alleged failure to disclose

23   Android-related prior art in the prosecution of patents asserted by Headwater in the -422 case—a

24   different matter in which Samsung asserted inequitable conduct. *See id.* (alleging that "[t]he

25   inequitable conduct in connection with the prosecution of the asserted patents in [the -422 case]

26   renders the Asserted Patents [in the -641 case] unenforceable under the doctrine of infectious

27   unenforceability").

28   　　　　Second, Samsung ***already took Ms. Jacobsen's deposition*** in the -422 case to fish for facts

to support an inequitable conduct theory based on nondisclosure of Android-related prior art. As the transcript of that deposition shows, Samsung's questions in its May 21, 2024 deposition of Ms. Jacobsen mostly pertained to this inequitable conduct theory (which it dropped after a January 2025 jury trial found noninfringement). A few of those questions are excerpted below to illustrate this point. *See, e.g.*, Ex. 3, at:

- 37:1-38:7 ("If a piece of prior art is listed on the face of a patent, does that mean that the patentee considered it relevant and material prior art?")

- 50:16-24 ("When the patent mentions Android, various Android functions, is it doing so to alert the patent office to potential prior art…?")

- 51:4-18 ("Your purpose in mentioning Android in the specification wasn't to tell the examiner that Android was prior art that it should look at for purposes of patentability, correct?")

- 51:19-52:8 ("Does a patent prosecutor satisfy the duty of candor … if they mention something that was known in the specification but they don't disclose it as part of an information disclosure statement?")

- 55:25-56:7 ("How familiar were you with Android during your time at Headwater?")

In other words, Samsung says it wants to ask Ms. Jacobsen questions relating to whether the Headwater patents asserted in the -422 case should be deemed invalid for inequitable conduct. But it dropped that defense in the -422 case, and it already deposed Ms. Jacobsen on it.

On this note, *Games2U* is instructive. *Games2U* states that, on motions to quash a subpoena for an attorney's deposition, the court should consider: "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." 2013 WL 4046655, at *7 (citation omitted). Applying these considerations to the subpoena at issue is straightforward. Samsung has not articulated why it needs to depose Ms. Jacobsen again on the same issue. She already gave testimony to Samsung on the exact issue (possible inequitable conduct that could invalidate patents asserted by Headwater in the -422 case) that Samsung now claims as a relevance hook. She already produced all non-privileged documents relating to her patent prosecution work for Headwater. Another deposition about the "why," "what" and "when" of specific prior art that was (or was not) disclosed to the Patent Office by Headwater immediately and inexorably butts up against attorney-client privilege and opinion work product.

JACOBSEN'S MOTION TO QUASH
CASE NO. 3:25-MC-80104

Like the accused infringer in *Games2U*, Samsung simply has not shown that a deposition of Ms. Jacobsen "would lead to relevant discovery that is not available from other sources." *Games2U*, 2013 WL 4046655, at *9. Any of "[Ms. Jacobsen's] discussions with [Headwater] about patentability of its invention and prior art or other technical documents shared in that context would be privileged." *Id.* at *8. In this case, "there is not sufficient benefit from the deposition to outweigh the burden on [Ms. Jacobsen] and the risk of encountering privilege issues," *id.* at *9.

2.    *Reason 2: Improper Inventorship*

The second of the two reasons offered by Samsung focuses on an improper inventorship defense. *See* Ex. 5, at 1. In the -641 case, no improper inventorship defense has been pled, though briefing on Samsung's pending motion to add that defense to the case closed on April 7, 2025. *See* Dkt. 104, -641 case.

Thus, as an initial matter, Samsung's "improper inventorship" defense is not within the scope of discovery permitted by Rule 26 or Rule 45. It cannot serve as a hook to compel Ms. Jacobsen's deposition. *See, e.g.*, *Sterne Kessler*, 276 F.R.D. at 383 ("inequitable conduct" defense, though the subject of pending motion for leave to amend pleadings, could not be objective for "relevant" discovery). Like the inchoate inequitable conduct defense in *Sterne Kessler*, Samsung's "improper inventorship" defense "is not properly at issue" in the -641 case. *Id.*; *see also id.* ("The Court will not sanction deposition of counsel in the petitioner's situation on the mere prospect of Kodak being granted leave to amend its pleadings."). Put another way, Samsung cannot "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings" (*Optimize Tech.*, 2014 WL 1477651, at *2), because its improper inventorship claim has not been pled.

Further, even if Samsung is at some point in the future granted leave to add an improper inventorship defense, Samsung's subpoena should be quashed because it has not articulated why Ms. Jacobsen's testimony is needed. On this point, *Bales* is instructive. There, the accused infringer sought to depose the patent attorney who prosecuted the asserted patent, supposedly to inquire about her "preparation and filing of the provisional application" which "named only one inventor." *Bales*, 2019 WL 1454696, at *1. The accused infringer in *Bales* argued that a deposition would

JACOBSEN'S MOTION TO QUASH
CASE NO. 3:25-MC-80104

yield "information [] relevant to its defense that the patent at issue does not identify the correct inventors." *Id.* at \*2. But the infringer, like Samsung here, failed to explain "how that would make a difference in the underlying litigation" or why "the information it seeks would not constitute privileged attorney-client communications or work product." *Id.*

Indeed, given that an improper inventorship defense focuses on the contributions of specific individuals, the *Bales* court rightly observed the accused infringer "clearly had other means to obtain information about the respective contributions of the co-inventors"—namely, through depositions ***of those individuals***. *Id.* at \*1-2.[4] More to the point, Samsung has articulated no reason why that is also not the case with its putative inventorship defense.

In sum, Samsung has made no showing of need or importance for taking yet another deposition of Ms. Jacobsen. The subpoena should therefore be quashed.

**B.      This Proceeding Should Be Transferred to the Eastern District of Texas**

This proceeding should be transferred to the United States District Court for the Eastern District of Texas, which issued Samsung's subpoena. The Court may "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). To be clear, Ms. Jacobsen filed this Motion in this District in order to comply with Fed. R. Civ. P. 45(d)(3), but she requests that transfer of this proceeding be made under Rule 45(f) and also consents to such transfer.

Additional reasons also support transfer of this proceeding to the Eastern District of Texas. First, the Motion concerns the cases pending in the Eastern District of Texas, where the court is familiar with the underlying facts of the claims and defenses, the parties, and the originating case's schedule. Second, the privilege interests implicated by the arguments in this proceeding are held by Headwater, who is not a party in this miscellaneous proceeding but is the plaintiff in the related litigation. Transferring this proceeding to the Eastern District of Texas would ensure that the court most familiar with the underlying facts, claims, and defenses resolve the dispute presented in the

---

[4] Incidentally, Samsung has already deposed the named inventor of the '811 and '110 patents, Dr. Gregory Raleigh, for over 35 hours of deposition. Samsung is scheduled to take another deposition of Dr. Raleigh in this case later this month.

Motion, which has already resolved similar privilege-related disputes during the ordinary course of the litigations between Headwater and Samsung.

### C. Fees Should be Awarded to Ms. Jacobsen

Lastly, Ms. Jacobsen respectfully requests an award of attorney fees under Civil L.R. 37-4 (N.D. Cal.) and Fed. R. Civ. P. 45(d)(1). Samsung's general discovery conduct aside (which the court in the -641 case has described as "harassment"), its conduct specifically here in burdening Ms. Jacobsen, a non-party, to respond to a facially overbroad subpoena and by refusing to even narrow the scope of its subpoena, violates Rule 45(d)(1)'s command that the issuing party "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." If this request is granted, Ms. Jacobsen will prepare and file a submission which "itemize[s] with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by" Samsung's conduct. Civil L.R. 37-4.

## IV.   <u>CONCLUSION</u>

Samsung's subpoena should be quashed. Alternatively, pursuant to Fed. R. Civ. P. 45(f), the Court should transfer this proceeding to the United States District Court for the Eastern District of Texas, which is the court that issued the subpoena at issue in the Motion and, as the court overseeing the -641 case, is the court most suited to resolve the issues presented in the Motion.


Dated:  May 7, 2025

Respectfully submitted,

<u>/s/ James S. Tsuei</u>
Marc Fenster
mfenster@raklaw.com
James S. Tsuei
jtsuei@raklaw.com
Jason M. Wietholter
jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Krista Jacobsen*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 7th day of May 2025, with a copy of this document via the Court's CM/ECF system. I further certify that copies of this document are being served on counsel for Respondents via electronic mail.

*/s/ James S. Tsuei*
James S. Tsuei

JACOBSEN'S MOTION TO QUASH
CASE NO. 3:25-MC-80104